conclusive upon the points now submitted. Farnum's Case [Case No. 4,674]; Mead v. Bank [Id. 9,366]; In re Bigelow [Id. 1,397]; In re Howard [Id. 6,750]; In re Beers [Id. 1,229]; Borden v. Cuyler, 10 Cush. 476; Ex parte Clowes, 2 Brown, Ch. 595. Still the general principle is broad enough to cover this case. Edward P., the executor, was unquestionably liable for the trust fund in his hands. When the co-partnership, as such, received and used the fund with full knowledge of its character, the co-partnership became liable therefor. The creditors or beneficiaries could, therefore, pursue one or the other. The only doubtful proposition is whether they can pursue both; but as the whole separate estate of Edward P. was merged in and constituted the entire estate of the co-partnership, and as no question as to adjudgment between the two estates for dividends paid by each, can arise, the doubt, if any, should be solved in favor of the creditor. Forsyth v. Woods [11 Wall. (78 U. S.) 484], and In re Downing [Case No. 4,044], are not adverse to the conclusion reached. The first of these two cases does not reach the point here decided, and the Downing Case rather favors this equitable result. Those who received and enjoyed the fund should be liable for it. The petitioners can prove their demand against the co-partnership estate.

---

## Case No. 13,845.

### Ex parte TETLOW.

[The case reported under above title in 14 Int. Rev. Rec. 205, and 6 Am. Law Rev. 575, is the same as Case No. 16,456.]

---

TETLOW (UNITED STATES v.). See Case No. 16,456.

---

## Case No. 13,846.

### In re TEUSCHER.

[23 Int. Rev. Rec. 202.]

Circuit Court, D. Missouri. 1877.

FINES AND PENALTIES—METHODS OF COLLECTION—EXECUTION AND IMPRISONMENT.

[Since the passage of the act of June 1, 1872, authorizing the collection of fines and penalties in criminal cases by execution against defendant's property, such fines and penalties may be enforced, either by such an execution or by capias; but if the court in its sentence directs collection by execution, a subsequent imprisonment under a capias is illegal.]

[This was an application by Louis Teuscher for a writ of habeas corpus.]

Louis Teuscher, it appears, was one of the defendants in the late whiskey prosecutions. He was under several indictments in the district court, one being for felony, which was nolle prosequied, and the two others for misdemeanors, which were consolidated. Having pleaded guilty, he was sentenced, on June 2, 1876, under section 5440 of the General Statutes of the United States, better known as the "conspiracy section," which provides that "if two or more persons conspire for the purpose of committing any offence against the United States * * * all of the parties to such conspiracy shall be liable to a penalty of not less than $1,000 and not more than $10,000, and to be imprisoned for not more than two years." The sentence, as it appears on the records of the court was "that the said Louis Teuscher make his fine to the United States by the payment of $1,000, and also the costs of the prosecution of said cause to be taxed, and that executions for said fine and costs be issued against the said defendant herein; and further, that the said defendant be confined and imprisoned by the marshal for and during the term of one day from this date."

That part of the sentence relating to imprisonment seems to have been satisfied, but the fine of $1,000 was never paid. Promises of payment were made, but never attended to, and the matter was still hanging fire when Mr. Bliss, the United States district attorney, went to Washington. While there he received instructions to issue capias pro fine, and on his return such capias was duly served. Teuscher sued out a writ of habeas corpus, and the hearing on the writ was set for yesterday before Judge TREAT. Judge Chester H. Krum appeared for Teuscher.

Teuscher's answer to the return of the marshal sets out his sentence by the court on June 2, 1876, and that the imprisonment has been served out, and avers that the petitioner, Teuscher, can not be now lawfully held in the marshal's custody under that sentence. To which avower the district attorney duly filed a demurrer on behalf of the marshal, that the facts stated therein do not constitute a barrier to the present execution by capias, and praying that the petitioner be remanded to the marshal's custody.

The question at issue was essentially this: Was the $1,000 fine imposed on Teuscher a fine in the proper sense of that word, or a penalty? The sentence speaks of a "fine" and "costs," and "execution" therefor. There is no specific mention of imprisonment until the fine is paid. The section under which sentence was imposed speaks of a "penalty of not less than $1,000, and by imprisonment for not more than two years."

Judge Krum, for Teuscher, argued that the $1,000 was a penalty. Teuscher had been imprisoned his one day under his sentence; the penalty was to be collected by execution against his estate. The petitioner could not be twice imprisoned for the same offence. Under no circumstances could the district court sentence Teuscher to a second punishment for the same crime. His sentence was to pay a fine and costs and suffer one day's imprisonment. It was not to pay a fine and costs, and stand committed till the same were paid or the defendant discharged under the insolvent convicts' clause. Judge Krum